IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LINDSAY O'BRIEN QUARRIE,**

      **Plaintiff,**

v.                                                   Civ. No. 23-546 MV/JFR

**BOARD OF REGENTS FOR NEW MEXICO
INSTITUTE OF MINING & TECHNOLOGY et al.,**

      **Defendants.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION ON DOCS. 22, 30

**THIS MATTER** is before the Court by Order of Reference[1] in accordance with 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). Doc. 20. On July 31, 2023, Defendant[2] Alisa Wigley-DeLara filed a *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)* ("Motion"). Doc. 22. Plaintiff filed a response in opposition on September 1, 2023, and Defendant replied on September 20, 2023. Docs. 32, 40. The Motion is ripe for decision.[3] Doc. 42. For the reasons that follow, the undersigned finds Defendant's Motion well-taken, and therefore recommends it be **GRANTED.** The undersigned further recommends that Plaintiff's claims against Defendant be **DISMISSED WITH**

---

[1] By Order of Reference filed July 25, 2023, the presiding judge referred this matter to the undersigned to conduct hearings as warranted and to perform any legal analysis required to recommend an ultimate disposition of the case. Doc. 20.

[2] The Court's use of "Defendant" in the singular is a reference to Defendant Wigley-DeLara only. References to "Defendants" in the plural are explained as necessary throughout this PFRD.

[3] Plaintiff has requested a hearing on the Motion. Doc. 60. "A party may (but need not) request oral argument on any motion. Unless otherwise ordered by the Court, however, all motions will be decided on the briefs without a hearing." D.N.M.LR-Civ. 7.6(a). Being familiar with the pleadings and the applicable law, the undersigned has determined that a hearing is unnecessary and is comfortable issuing this recommendation without one, and thereby denies Plaintiff's request.

**PREJUDICE** as any amendment to Plaintiff's Complaint[4] will prove futile because his allegations against Defendant are fatally flawed and cannot be remedied to state a legally sufficient claim for relief.

Because this recommendation disposes of all claims against Defendant, the undersigned additionally recommends that Defendant's *Motion to Dismiss for Violation of Rule 11 or, in the Alternative, to Strike Plaintiff's Certificates of Service* (Doc. 30), filed subsequent to the instant Motion, be **DENIED AS MOOT**.

## I. ANALYSIS

The Court begins by setting out the legal standards applicable to the instant Motion and proceeds to detail the parties' arguments as contained in the pleadings. The Court includes relevant background material as it becomes applicable to its discussion. As illustrated below, because the Court resolves the Motion on the sole basis that Plaintiff has not adequately pled a claim for fraud on the Court, and will be unable to do so were he permitted to amend his Complaint, the Court does not analyze the other arguments for relief Defendant makes in her Motion.

**A.   Legal Standards**

  *1.   Pro Se Litigants*

The Court liberally construes pleadings submitted by pro se litigants and does not hold them to the same standard as those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Here, the Court remains cognizant that the Complaint—whose sufficiency is being tested by the instant Motion—was drafted by Plaintiff, who is proceeding pro se. *See Pueblo de*

---

[4]   References to the "Complaint" are to Plaintiff's Amended Complaint, filed July 18, 2023, which is the operative complaint in this matter. Doc. 11.

*Cochiti v. United States*, 647 F. Supp. 538, 542 (D.N.M. 1986) ("A Fed. R. Civ. P. Rule 12(b)(6) motion tests the sufficiency of the [c]omplaint."). However, the Court will not assume the role of Plaintiff's advocate and expects him to comply with the requirements of the rules of procedure. *Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009).

    2.    *Failure to State a Claim Upon Which Relief Can Be Granted*

In deciding a motion to dismiss premised on Rule 12(b)(6), the Court accepts the factual allegations in the complaint as true and views them in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). While the facts in the complaint need not be detailed, they must be sufficient to allow the Court to draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks and citation omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration, internal quotation marks and citation omitted). Indeed, "[c]onclusory allegations are not entitled to the assumption of truth." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

**B.**    **The Pleadings**

    1.    *Complaint*

In his Complaint, Plaintiff brings three "counts" applicable to Defendant: Count One – Fraud on the Court, Count Two – Request for Final Judgment to be Set Aside, and Count Three – Request for Appointment of Special Master to Investigate Defendants' Fraud on the Court. Doc. 11 at 20-25. Defendant argues in her Motion that "Plaintiff cannot establish a claim for fraud on the court." Doc. 22 at 9. Before assessing the sufficiency of Plaintiff's Complaint and the merits

of Defendant's argument, the Court notes that the resolution of the instant Motion as to the issue of whether Plaintiff can establish a claim for fraud on the Court effectively collapses Counts One, Two, and Three into a single inquiry—if Plaintiff has not established a claim for fraud on the Court against Defendant, Counts One, Two, and Three fall together, because Counts Two and Three are themselves requests for relief from Defendant's alleged fraud on the court, rather than independent claims. More to the point, the Court cannot set aside a final judgment due to fraud on the court or appoint a special master to investigate fraud on the court—the relief Plaintiff seeks—if Plaintiff has not established his claim for fraud on the court.

    2.    *Defendant's Motion*

In her Motion, Defendant argues that Plaintiff's claim for fraud on the court fails because "the only allegations Plaintiff makes to support his claim for fraud on the court are conclusory and thus, cannot be taken as true." *Id.* She posits that the only allegation lodged against her by Plaintiff is that she "concealed two copies of a letter during pretrial discovery" in Plaintiff's previous litigation, which, even if true, "is not sufficient to establish a claim for fraud upon the court." *Id.* at 9-10. Finally, Defendant avers that allegedly withholding two copies of the letter at issue, while simultaneously producing 26 copies of the same letter, cannot be viewed as unconscionable conduct designed to improperly influence the Court. *Id.* at 10.

    3.    *Plaintiff's Response*

Plaintiff opposes Defendant's Motion by arguing that the alleged conduct by Defendants,[5] which he claims amounts to fraud on the court, "caused the unjust and unlawful dismissal with prejudice" of his 2017 lawsuit, *Quarrie v. Wells et al.*, No. 17-CV-350 (D.N.M.)

---

[5] Here, Plaintiff is referring to a group of Defendants which includes Defendant Wigley-DeLara. The Court focuses only on her alleged conduct because she proceeds alone in her Motion.

("2017 lawsuit").[6] Doc. 32 at 13-14. He further argues that Defendants engaged in a "corrupt scheme to dishonestly influence the Court's decision" in that case. *Id.* at 13. In Plaintiff's view, this "corrupt scheme was successful because it convinced the Court to dismiss Plaintiff's 2017 lawsuit with prejudice." *Id.*

    4.    *Defendant's Reply*

Defendant replies by arguing that the conduct Plaintiff claims amounts to fraud on the court is based on "nothing but paranoid speculation." Doc. 40 at 4. Defendant seeks to distinguish the authority relied upon by Plaintiff in his response from the facts before the Court in the instant case and highlights the necessary standard to be met to establish fraud on the court. *Id.* at 4-6. Finally, Defendant argues that Plaintiff's claim fails because, assuming the conduct alleged by Plaintiff to constitute fraud on the court is true, his 2017 lawsuit was decided on a basis separate and apart from the conduct alleged here, and thus such conduct did nothing to influence the Court's decision. *Id.* at 6-7.

**C.**    **Plaintiff Has Failed to State a Claim for Fraud on the Court**

Fed. R. Civ. P. 60(d)(3) allows the Court to "set aside a judgment for fraud on the court." "[T]he savings clause to Rule 60(b) [i.e., Rule 60(d)[7]] recognizes the power of a court to entertain an independent action to relieve a party from a judgment." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1291 (10th Cir. 2005) (internal quotation marks and citation omitted).

---

[6]    The Court is entitled to take judicial notice of filings in Plaintiff's 2017 lawsuit, and it does so here as necessary. *Tellabs, Inc. v. Makor Issues & Rts.*, 551 U.S. 308, 322 (2007); *Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006).

    The Court further notes that, though it may consider documents attached to the pleadings in deciding a Rule 12(b)(6) motion in certain circumstances, *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997), and the parties have attached documents to their pleadings, it does not do so here and considers only the material contained in the pleadings, aside from taking judicial notice of court filings, as noted above.

[7]    Rule 60(d) was added to the Federal Rules of Civil Procedure in 2007, but before that time, Rule 60(b) contained a savings clause referencing the same avenue of relief. *See* Fed. R. Civ. P. 60(b) (2006).

The Tenth Circuit has described fraud on the court as follows:

> Fraud on the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. It has been held that allegations of nondisclosure in pretrial discovery will not support an action for fraud on the court. It is thus fraud where the impartial functions of the court have been directly corrupted.

*United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) (citation and omissions omitted).

The Tenth Circuit in *Buck* continued:

> Generally speaking, only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious conduct, such as nondisclosure to the court of certain facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court. Moreover, fraud on the court, whatever else it embodies, requires a showing that one has acted with an intent to deceive or defraud the court. A proper balance between the interests underlying finality on the one hand and allowing relief due to inequitable conduct on the other makes it essential that there be a showing of conscious wrongdoing— what can properly be characterized as a deliberate scheme to defraud—before relief from a final judgment is appropriate. Thus, when there is no intent to deceive, the fact that misrepresentations were made to a court is not itself a sufficient basis for setting aside a judgment under the guise of fraud on the court.

*Id.* (internal quotation marks, citations, and omission omitted). The interest in correcting fraud on the court "involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (internal quotation marks and citation omitted).

Plaintiff alleges Defendant's conduct to have occurred during the discovery process in his 2017 lawsuit, in which he claimed racial discrimination on the part of NMT contrary to Title VI of the Civil Rights Act of 1964, § 42 U.S.C. 2000d *et seq*. Doc. 11 at 11-18. During discovery in that case, the magistrate judge ordered Defendants to provide information regarding a letter from Lorie Liebrock, then-Dean of Graduate Studies at NMT, terminating Plaintiff's enrollment in the graduate program at NMT, including how many copies existed and the locations of the

same. *Id.* at 5, 12-14. Defendants[8] produced 26 total copies of the letter and stated the locations where they were found. *Id.* at 14. Plaintiff's 2017 lawsuit was ultimately dismissed at summary judgment because he failed to establish pretext.[9] *Id.* at 15; Case No. 17-CV-350, Doc. 453. Over a year later, Plaintiff visited NMT and inspected his academic and administrative records. Doc. 11 at 15. At that time, he discovered two additional copies of the termination letter. *Id.* Plaintiff alleges that Defendant knew of the existence and location of the two additional copies of the letter at issue as the Court ordered production of all copies of the letter in Plaintiff's 2017 lawsuit and she "willfully violated the Court's two orders . . . by knowingly concealing the two copies of the . . . letter later discovered by Plaintiff." Doc. 11 at 17-18. According to Plaintiff, "[t]he act of knowingly concealing the existence and location of documents in willful violation of a court order constitutes fraud on the court." *Id.* at 18. The Court disagrees.

To start, what Defendant is alleged by Plaintiff to have done was directed at him, not the Court. At best, what Plaintiff has alleged is discovery misconduct and violation of an order compelling production of documents, which falls well short of the conduct necessary to establish fraud on the court. Indeed, such fraud must be *direct*; it can occur "where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function." *Weese v. Schukman*, 98 F.3d 524, 552 (10th Cir. 1996). Even still, if Plaintiff's allegations can be read as conduct constituting nondisclosure of facts relevant to the

---

[8] This reference is to the group of Defendants in Plaintiff's 2017 lawsuit who are also Defendants in this action and for whom Defendant Wigley-DeLara served as legal counsel in the 2017 lawsuit.

[9] Specifically, the Court concluded that NMT had a legitimate, nondiscriminatory reason for rejecting Plaintiff's application for admission—the settlement agreement the parties reached following Plaintiff's termination from NMT's PhD program—and Plaintiff did not offer sufficient evidence that this reason was pretextual. Case No. 17-CV-350, Doc. 453.

The Court's judgment was affirmed by the United States Court of Appeals for the Tenth Circuit on June 27, 2022. Doc. 11 at 15; Case No. 17-CV-350, Doc. 466-1. The Supreme Court of the United States denied Plaintiff's petition for a writ of certiorari and his subsequent request for rehearing. Case No. 17-CV-350, Docs. 469, 470.

matter before the court (they cannot, as explained below), they do not rise to the level of fraud. *Id.* at 553; *see also Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) ("The mere nondisclosure to an adverse party and to the court of facts pertinent to a controversy before the court does not add up to fraud upon the court for purposes of vacating a judgment under Rule 60([d])." (alteration, internal quotation marks, and citation omitted)); 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2870 (3d ed.) (explaining that a "fraud connected with the presentation of a case to a court" is not a fraud on the court as contemplated under Rule 60(d)(3)).

Moreover, given the Court's reasoning in granting summary judgment against Plaintiff in his 2017 lawsuit, i.e., failure to establish pretext, it is evident that even if Defendants had produced these letters at that time, such production would have done nothing to influence the Court's ultimate conclusion. Indeed, the additional copies of the letter at issue here, whose nondisclosure form the basis for Plaintiff's claim for fraud on the court, would have had no impact on the disposition of that lawsuit.[10] So, again, Plaintiff's allegations do not rise to the level of fraud on the court.[11] *See United States v. Sierra Pac. Indus.*, 862 F.3d 1157, 1168 (9th Cir. 2017) (stating that, to establish fraud on the court, "relevant misrepresentations must go to the central issue in the case, and must affect the outcome of the case. In other words, the newly discovered misrepresentations must significantly change the picture already drawn by previously

---

[10] Defendant presses this point in her reply, highlighting the Court's conclusion in the 2017 lawsuit that even if Plaintiff did successfully rescind the settlement agreement with NMT, which he claimed to have done due, in part, to the presence of the letter in his file, he still failed to establish that Defendants in that lawsuit did not believe in earnest that the settlement agreement remained in effect. Doc. 40 at 6-7.

[11] Even if they did, and Plaintiff proved his claim by clear and convincing evidence at a later date, he would remain unsuccessful: "Even where there is clear and convincing evidence of fraud on the court, courts will not disturb the judgment unless the misconduct had some effect on the judgment." *Bryant v. Thomas*, No. 09-CV-1334, 2015 WL 5243878, at *9 (S.D. Cal. Sept. 8, 2015); *see also Gupta v. U.S. Att'y Gen.*, 556 F. App'x 838, 841 (11th Cir. 2014) (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246-47 (1944), *overruled on other grounds by Standard Oil Co. v. United States*, 429 U.S. 17 (1976)).

available evidence." (internal quotation marks and citations omitted)); *see, e.g.*, *United States v. Estate of Stonehill*, 660 F.3d 415, 446 (9th Cir. 2011) (concluding that failure to produce the entirety of a book of photographs did not amount to fraud on the court because it "had a limited effect on the district court's decision" and full production would not "have significantly changed the information available to the district court"); *Liggins v. Clark Cnty. Sch. Bd.*, No. 09-CV-77, 2014 WL 6460776, at *4-5 (W.D. Va. Nov. 17, 2014) (rejecting a claim for fraud on the court where the plaintiff alleged discovery materials were withheld from him but their production would not have altered the outcome of summary judgment in the case).

Therefore, Plaintiff's claim for fraud on the court (Count One) against Defendant must be dismissed. Accordingly, as explained above, Counts Two and Three against Defendant must be dismissed as well. Plaintiff has not demonstrated fraud on the court, so the Court cannot set aside a judgment as Plaintiff requests in Count Two. Fed. R. Civ. P. 60(d)(3). Likewise, in the absence of a showing of fraud on the court, there is no basis to appoint a special master to investigate the claimed fraud as Plaintiff requests in Count Three. *See In re Wyoming Tight Sands Antitrust Cases*, 715 F. Supp. 307, 307-308 (D. Kan. 1989) ("The party requesting the appointment [of a special master] bears the burden of showing the necessity of such an appointment.").

D.   **Amendment Would Prove Futile**

Leave to amend a complaint should be "freely give[n]" when justice so requires. Fed. R. Civ. P. 15(a)(2). "The grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (alteration, internal quotation marks and citation omitted). Generally, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be

afforded an opportunity to test his claims on the merits." *Id.* (internal citation omitted). Futility of amendment, however, justifies the denial of leave to amend. *Id.* If an amended complaint would be unable to withstand a motion to dismiss, permitting leave to amend is unnecessary. *TV Commc'ns Network, Inc. v. Turner Network Television*, 964 F.2d 1022, 1028 (10th Cir. 1992).

Here, affording Plaintiff leave to file an amended complaint, which would be the third complaint in this matter, to attempt to correct the deficiencies in his claim against Defendant for fraud on the court, would prove futile. As illustrated above, the facts upon which Plaintiff relies, i.e., Defendant "willfully violat[ing] the Court's two orders . . . by knowingly concealing the two copies of the . . . letter later discovered by Plaintiff," Doc. 11 at 17-18, do not amount to fraud on the court. This is particularly true because, assuming such facts are true, they have nothing to do with the ultimate disposition of Plaintiff's 2017 lawsuit. Where a claim for fraud on the court is meritless and cannot be cured by stronger pleading, amendment is futile. *See, e.g.*, *Levin v. Frank*, No. 18-CV-1292, 2019 WL 1754216, at *8-9 (N.D.N.Y. Apr. 19, 2019) (dismissing a claim for fraud on the court and finding the same "entirely meritless" because, *inter alia*, the defendants' non-disclosure of material in a prior lawsuit had nothing to do with the dispositive issue, and finding that leave to amend would prove futile because such deficiency could not be cured through "better pleading"); *see also Sapse v. Ferm*, 457 F. App'x 654, 655 (9th Cir. 2011) ("The district court did not abuse its discretion by denying leave to amend the complaint to plead fraud on the court because amendment would have been futile.").

## CONCLUSION AND RECOMMENDATION

The undersigned recommends that Defendant's Motion be **GRANTED.** The undersigned further recommends that Plaintiff's claims against Defendant be **DISMISSED WITH PREJUDICE** as any amendment to Plaintiff's Complaint will prove futile.

Given this recommended disposition, the undersigned additionally recommends that Defendant's *Motion to Dismiss for Violation of Rule 11 or, in the Alternative, to Strike Plaintiff's Certificates of Service* (Doc. 30) be **DENIED AS MOOT.**

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**JOHN F. ROBBENHAAR**
United States Magistrate Judge